IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN D. CHESTRA,

                          Plaintiff,
                                                CIVIL ACTION
            vs.                                 No. 08-3214-SAC

SEDGWICK COUNTY,

                          Defendant.

ORDER

     This matter is before the court on a civil complaint filed
under 42 U.S.C. § 1983 by a prisoner confined in the Sedgwick County
jail in Wichita, Kansas.  Also before the court is plaintiff's
motion for leave to proceed in forma pauperis under 28 U.S.C. §
1915.

*Motion for Leave to Proceed In Forma Pauperis*

     Plaintiff must pay the full $350.00 filing fee in this civil
action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action
or appeal in forma pauperis is required to pay the full filing fee).
If granted leave to proceed in forma pauperis, plaintiff is entitled
to pay this filing fee over time, as provided by payment of an
initial partial filing fee to be assessed by the court under 28
U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate
trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

     Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to
assess an initial partial filing fee of twenty percent of the
greater of the average monthly deposits or average monthly balance
in the prisoner's account for the six months immediately preceding

the date of filing of a civil action.  Having examined the limited records provided, the court assesses an initial partial filing fee of $4.00, twenty percent of plaintiff's average monthly deposit during the relevant period, rounded to the lower half dollar.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

*Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action plaintiff claims the Sedgwick County sheriff's department failed to properly update plaintiff's registration as a sex offender, which resulted in the issuance of a warrant and plaintiff's arrest.  Plaintiff states the charges related to his alleged failure to register were subsequently dismissed, but claims his arrest and confinement caused him to lose his job.  He states he was terminated from a treatment program because he was not rehired in a timely fashion, and was required to serve a 90 day sentence for violating the conditions of his release.  He further states the Treatment Director has ordered plaintiff to be civilly committed.

On these allegations, plaintiff seeks damages and unspecified declaratory and injunctive relief for his false arrest, for being denied his constitutional right to counsel, for antitrust violations, and for the intentional infliction of emotional

distress.   Sedgwick County is the sole defendant named in the complaint.

Having reviewed the complaint, the court finds it is subject to being summarily dismissed for the following reasons.

To proceed under 42 U.S.C. § 1983, a plaintiff must be able to establish that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States, and that the act or omission causing the deprivation was committed by a person acting under color of law.   West v. Atkins, 487 U.S. 42, 48 (1988).   Additionally, Sedgwick County as a municipality is liable under 42 U.S.C. § 1983 only if plaintiff can establish he was deprived of his constitutional rights pursuant to a policy or custom of the county.   *See* Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978)(stating requirements for municipal liability under § 1983); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989)(same).

Because plaintiff does not allege any actions against him attributable to a policy or custom of Sedgwick County, the complaint states no claim upon which relief can be granted under 42 U.S.C. § 1983 against the sole defendant named in the complaint.   Moreover, plaintiff's allegations encompass no cognizable claim of constitutional deprivation.   *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)(per curiam)("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); Estate of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255,

1264 (10th Cir. 2008)("[W]ithout the predicate constitutional harm inflicted by an officer, no municipal liability exists.")(citations omitted).

To the extent plaintiff seeks relief based upon his false arrest and the alleged intentional infliction of emotional distress, § 1983 provides no remedy for these state tort claims. *See* <u>DeShaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law). Nor does plaintiff allege any physical injury to support a complaint seeking relief for emotional injury. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Finally, to the extent plaintiff may be attempting to invalidate his present confinement or civil commitment proceedings by broadly alleging antitrust violations and being denied the right to counsel, he must first exhaust state court remedies before seeking habeas corpus relief on such claims in federal court. *See* <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for

relief.[1]  *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).  The failure to file a timely response may result in the complaint being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $4.00.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed without prejudice as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 23rd day of December 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1]Plaintiff is advised that dismissal of the complaint as stating no claim for relief will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Although dismissal of the complaint would be without prejudice to plaintiff pursuing relief on his claims in the state courts, it would still count as a "strike" under § 1915(g).  *See* Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)(per curiam)("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.").